# United States Court of Federal Claims
No. 09-619 T
November 29, 2012

| | |
|---|---|
| **TERESA A. WHALEN** <br> **and THOMAS WILLIAMS,** <br><br> *Plaintiffs,* <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> *Defendant.* | Exhaustion of administrative remedies; Attorneys' fees and costs |

*P. Elizabeth Pirsch*, Pirsch & Associates, PLLC, Alexandria, VA, for plaintiffs.

*Carl D. Wasserman*, Tax Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION *and* ORDER

**BLOCK,** *Judge.*

Plaintiffs filed a complaint seeking a refund of Social Security taxes. Those claims were settled. Later, plaintiffs filed this motion, requesting attorneys' fees and costs pursuant to section 7430 of the Internal Revenue Code ("I.R.C."). 26 U.S.C. ("I.R.C.") § 7430. For the reasons discussed below, the court will deny plaintiffs' motion.

### I. BACKGROUND

From January to March 2003, plaintiff Theresa Whalen was employed by the Office of the Secretary of Defense and received compensation through the Defense Finance and Accounting Service Office A ("DFAS-A"). Pls.' Am. Compl. ¶ 8, ECF No. 11. In March 2003, Ms. Whalen went to work for the Department of the Navy, where she was employed for the remainder of tax year 2003. *Id.* at ¶ 9. Ms. Whalen was compensated for her work with the Navy through DFAS Office B ("DFAS-B"). *Id.*

In January 2004, DFAS provided Ms. Whalen with a consolidated W-2 for tax year 2003. *Id.* at ¶ 10. Ms. Whalen believed that this W-2 reported a withholding of Social Security taxes than was too high. *Id.* In February 2005, Ms. Whalen filed an amended return with the Internal Revenue Service ("IRS"), requesting a refund of $2,292.31. *Id.* at ¶ 10-11; Pl.'s Compl. Ex A,

ECF No. 1.  The IRS denied Ms. Whalen's refund request, as well as her two subsequent requests to reconsider.  Pls.' Am. Compl. at ¶¶ 12, 15, 17.

In denying the second request to reconsider in 2007, the IRS sent Ms. Whalen a 105C Disallowance Letter,[1] finalizing the denial of her refund.  *Id.* at ¶ 17.  After receiving the Disallowance Letter, Ms. Whalen contacted the Taxpayer Advocate Office in December 2007.  *Id.* at ¶ 18.  In January 2009, a Ms. Van Allen from the Taxpayer Advocate Office contacted Ms. Whalen by letter, in which it was stated that in this instance the IRS did not give the "complete explanation required when this situation occurs" and "had the IRS given you the complete instruction . . . you would have been able to achieve your goal of retrieving [the refund]."  *Id.* at ¶ 24; Pl.'s Compl. Ex. I.  Ms. Van Allen also encouraged Ms. Whalen to "take this to tax [c]ourt."  *Id.*

On September 21, 2009, Ms. Whalen filed her original complaint with this court, seeking a refund of the alleged overpaid Social Security taxes.  She then filed an amended complaint on December 22, 2009 that added her husband, Thomas Williams, as a necessary party and co-plaintiff.  On June 11, 2010, defendant tendered a refund check.  Pls.' Mot. Ex. 2; Def.'s Opp. at 2.  The parties filed a joint stipulation of dismissal on July 8, 2010, Joint Stip. for Dismissal 1, ECF No. 17, and the complaint was dismissed pursuant to Rule 41(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

On September 27, 2010, plaintiffs filed a motion for the award of attorneys' fees and costs in the amount of $5,777.80.  Pls.' Mot. ECF No. 18.  Plaintiffs contend that they are the prevailing parties in the underlying tax-refund suit and are thus entitled to all reasonable litigation costs under I.R.C. § 7430.  *Id.* at 1.  Defendant opposes the motion, arguing that plaintiffs failed to establish that they exhausted administrative remedies and met other requirements of § 7430.  Def.'s Opp. at 1, ECF No. 20.

The court turns now to the resolution of plaintiffs' motion for attorney's fees and costs.

## II. DISCUSSION

In 1980, Congress enacted the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to award attorney's fees and costs to prevailing parties in proceedings against the United States where the position of the government in the proceeding was not substantially justified.  *See* Pub. L. No. 96-481, 94 Stat. 2327 (1980).  The Internal Revenue Code analog to the EAJA, I.R.C. § 7430, became law as part of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324 (1982).  Like the EAJA, § 7430 governs the award of attorneys' fees and costs incurred in tax-related proceedings against the United States.  *See Lawler v. United States*, 16 Cl. Ct. 53, 55-56 (1988).

---

[1] A 105C Disallowance Letter is used by the IRS to inform a taxpayer that its claim for a refund has been fully disallowed, explaining in detail the reasons for the disallowance.  *See Internal Revenue Manual* § 21.5.3.4.6.1 (2010).

A taxpayer seeking attorneys' fees under § 7430 bears the burden of proving his or her eligibility for the award of such fees. *Pohl Corp. v. United States*, 29 Fed. Cl. 66, 69 (1993). To be eligible, a taxpayer must show: (1) that the taxpayer exhausted all administrative remedies prior to filing suit, (2) that the taxpayer has not protracted the litigation in any way, (3) that the taxpayer is the "prevailing party," and (4) that the taxpayer's claimed costs are reasonable. *Binks v. United States*, 42 Fed. Cl. 315, 317 (1998); *Larsen v. United States*, 39 Fed. Cl. 162, 165 (1997); *Pohl Corp.*, 29 Fed. Cl. at 69.

Crucially, to obtain attorneys' fees and costs, a "prevailing party"[2] must have first exhausted available administrative remedies with the IRS before filing its lawsuit. I.R.C. §§ 7430 (b)(1) ("A judgment for reasonable litigation costs shall not be awarded . . . unless the court determines that the prevailing party has exhausted the administrative remedies available to such a party within the Internal Revenue Service."); *see also In re Lilly*, 76 F.3d 568, 573 (4th Cir. 1996) ("The language of [§ 7430(b)(1)] plainly and unambiguously states that a prevailing party . . . cannot obtain a judgment for reasonable litigation costs unless that party has first exhausted her administrative remedies within the IRS."). The means of exhausting administrative remedies are set forth in the Code of Federal Regulations (the "C.F.R."). *See* 26 C.F.R. §§ 301.7430-1(b), 601.105, 601.106.

When the IRS denies a taxpayer's request for a refund, the taxpayer may appeal that decision to the IRS Appeals Office. 26 C.F.R. §§ 601.106(b), 601.105(b), (c), (e). The Appeals Office is an administrative body hearing appeals in an informal proceeding termed an "Appeals office conference." *Id.* §§ 601.106(c), 601.105(c). A taxpayer who can appeal to the Appeals Office "has not exhausted administrative remedies within the Internal Revenue Service . . . unless" that taxpayer has either (1) participated in an Appeals Office conference prior to filing suit, or (2) requested an Appeals Office conference prior to issuance of a notice of disallowance. 26 C.F.R. § 301.7430-1(b)(1).

Significantly, the requirement that a taxpayer seeking attorneys' fees under § 7430 exhaust available administrative remedies in this manner is jurisdictional in nature. *Kuhl v. United States*, 467 F.3d 145, 147 (2d Cir. 2006) ("Failure to exhaust [§ 7430 administrative] remedies deprives the federal court of jurisdiction over the suit."); *see also Lawler*, 16 Cl. Ct. at 59 ("Plaintiff has not exhausted his administrative remedies [under § 7430(b)(1)] and, therefore, the court is *without authority* to award such fees and costs.") (emphasis added). For that reason, the court must address the exhaustion issue first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83-89 (1998) (noting that jurisdiction is "a threshold question that must be resolved . . .

---

[2] Among the requirements for qualifying as a "prevailing party" are that the taxpayer (1) not have a net worth in excess of $2 million at the time the civil action was filed and (2) submit "an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. §§ 2412(d)(2)(B), (d)(1)(B); *see* I.R.C. § 7430(c)(4)(A)(ii) (incorporating the first sentence of 28 U.S.C. § 2412(d)(1)(B) into the definition of "prevailing party"). However, even if the taxpayer meets his burden, the government can avoid paying fees if it establishes that "the position of the United States in the proceeding was substantially justified." I.R.C. § 7430(c)(4)(B).

before proceeding to the merits"); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause.").

In view of the facts before the court and the statutory and C.F.R. requirements for exhausting administrative remedies, the court must conclude that plaintiffs have failed to show that they exhausted their administrative remedies. In the 105C Disallowance Letter finalizing the denial of plaintiffs' refund claim dated September 24, 2007, the IRS informed plaintiffs that they had the right to appeal to an IRS Appeals Office. Pl.'s Compl. Ex. E. The IRS further instructed plaintiffs that in order to appeal they should mail a written protest to PO Box 236, Memphis, TN 38101-0236. *Id.* There is no evidence in the record suggesting that plaintiffs did this. Rather, an exhibit to plaintiffs' complaint shows only that they mailed a letter on April 30, 2008 to the IRS Taxpayer Advocate in Richmond, VA. Nor do plaintiffs contend in their motion that they ever participated in or requested an Appeals office conference.

In light of plaintiffs' failure to show that they exhausted available administrative remedies, the court is "without authority" to consider their request for attorneys' fees and costs— even if they do meet the "prevailing party" requirement. *Lawler*, 16 Cl. Ct. at 59. Accordingly, the court need not consider defendant's arguments as whether plaintiffs meet the other requirements of § 7430.

### III. CONCLUSION

A taxpayer seeking attorneys' fees and costs under § 7430 must exhaust available administrative remedies before filing in this court. Plaintiffs have not shown that they participated in or requested an Appeals Office conference as they are required to do under § 7430(b)(1) and applicable regulations. Accordingly, plaintiffs' **MOTION** for the award of attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED.**

s/ *Lawrence J. Block*
Lawrence J. Block
Judge